## COUNTY OF PROVIDENCE, OCTOBER TERM, 1870, AT PROVIDENCE.

PRESENT:

HON. GEORGE A. BRAYTON, CHIEF JUSTICE.
HON. THOMAS DURFEE, ⎱ JUSTICES.
HON. ELISHA R. POTTER, ⎰

---

ALZADA L. BROWN, Administratrix, *v.* ALLEN LEWIS.

Where an executor or administrator is a party to a suit, the other party cannot testify upon his own offer or upon the call of his co-plaintiff or co-defendant, except as by law allowed prior to the passage of the act enabling parties to suits to testify. The provision to that effect in chapter 187, § 34, of the Revised Statutes, holds good in the case of a suit respecting transactions after the decease of his testate or intestate, between an executor or administrator and the other party to the suit.

In actions brought by an executor or administrator, where the money when recovered would be assets, the plaintiff may join in the same action counts upon promises to the testator or intestate during his lifetime, and counts upon claims arising subsequent to his death upon promises to the plaintiff as such executor or administrator.

In an action brought by an administratrix against a party who had made profits in a business carried on with property belonging to the estate of the intestate after his death, it was *held*, that the defendant was liable for such profits to the administratrix ; that the fact, that such use of the property was improper and unauthorized, could not benefit the defendant ; and, that although the contract was made by the parties before the plaintiff was appointed administratrix, it was competent for her, if it was for the benefit of the estate, to adopt it in her representative capacity after her appointment.

ASSUMPSIT for money had and received by the defendant as agent of the plaintiff, as administratrix on the estate of James H. Brown. The case was referred to Thomas C. Greene, Esq., as auditor. It appeared from the findings of his report, that the said James H. Brown opened a shop in Olneyville, January 1st, 1868, for the sale of butcher's meat and vegetables, and appointed the defendant as his agent to carry on the business. Brown died in March, but the defendant remained in charge of the shop, with the understanding that he should act as agent therein for the benefit of the estate. The plaintiff (the widow of said Brown) took out letters of administration, and in August closed the shop, and brought the present action for the recovery from the defendant of money had and received by him in his capacity as agent.

The auditor having reported that there was due from the defendant to the plaintiff the sum of $2,106, the defendant filed two exceptions to his report. *First*, because he had refused to permit the defendant to testify upon his own offer ; and *second*, because he had allowed for profits made in a business carried on with property belonging to the estate of the intestate after his death. The case was now heard upon these exceptions.

*B. N. and S. S. Lapham, for the defendant, in support of the exceptions.*

*James Tillinghast, for the plaintiff, contra.*

DURFEE J. We think the auditor was right in not allowing the defendant to testify on his own offer. The statute enabling parties to testify in any civil suit or proceeding at law or in equity, (Rev. Sts. ch. 187, § 34,) provides that " when an original party to the contract or cause of action is dead, or when an executor or administrator is a party to the suit, the other party may be

called as a witness by his opponent, but shall not be admitted to testify upon his own offer, or upon the call of his co plaintiff or co-defendant, otherwise than now by law allowed, unless a nominal party merely." The proviso covers this case. It is urged that the reason on which the proviso rests does not extend to transactions between the executor or administrator and the other party, and that, therefore, the proviso ought not to be construed so as to exclude the testimony of the other party as to such transaction. ° This argument would have great force, if the language of the proviso were less explicit; but where a statute is so plain in its terms, we deem it our duty to give it effect according to its obvious meaning, and not alter it by construction simply, because, according to its obvious meaning, it may operate in cases which are not within the reasons upon which we suppose it to have been based.

The defendant also objects that no judgment can be rendered in the case, because the plaintiff has joined in the same action counts upon promises to the intestate, during his lifetime, with counts upon claims arising, subsequent to his death, upon promises to the plaintiff as administratrix. We do not think the objection is valid ; the rule being that such a joinder is allowable where the money, when recovered, would be assets. 1 Chitty's Pleading, 203, 204.

It is suggested, by way of further objection, that the auditor has allowed the profits made in a business carried on with property belonging to the estate of the intestate after his death, the ground of the objection being that such a use of the estate was unauthorized. If the defendant had wished to raise this objection, he should have excepted to the report, which he has not done. We think, however, the exception, if taken, could not be sustained. The defendant, after having used the property in business for the benefit of the estate, cannot evade the liability which he has assumed, on the ground that such a use was improper or unauthorized on the part of the plaintiff or himself. If unauthorized, the fact that it was so, though it might have availed the persons beneficially interested in the estate, if a loss had ensued, cannot benefit the defendant. Neither does it make

any difference that the plaintiff, when she had her understanding with the defendant, after the death of the intestate, that the business should be carried on for the benefit of the estate, had not then been appointed administratrix. If the contract was for the benefit of the estate, it was competent for her, after her appointment, to adopt it in her representative capacity. *Foster* v. *Bates*, 12 M. & W. 226; *Bodger* v. *Arch*, 10 Exch. 333.

We see no reason why judgment should not be entered for the plaintiff on the report.

*Judgment for the plaintiff.*